CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 16, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Timothy Burke, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 3:23-cv-00055 |
| Kevin Punturi *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

This matter is before the court on Defendants Vincent Gore, Dao Luong, and Nancy Blankenship's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Dkt. 58.) Defendants filed the motion at issue after filing separate answers to Plaintiff Timothy Burke's complaint (Dkt. 1) on January 30, 2024. (Dkts. 27, 28, 29.) For the reasons stated below, the court will deny the Defendants' motion as premature.

### I.   Background

Plaintiff Timothy Burke has suffered various medical issues while incarcerated in three different correctional centers over the past three years. Burke brings charges against seven staff members and providers at two of the correctional centers pursuant to 42 U.S.C. § 1983 and various state-law torts. The facts are taken from Burke's complaint and, at this stage, presumed to be true. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014).

Defendants Gore, Luong, and Blankenship (collectively the "Greensville Defendants") are all medical staff working at Greensville Correctional Center, where Burke currently resides.

Defendants Rajvinder Mann and Jalal Taslimi are physicians at Coffeewood Correctional Center, where Burke previously resided. Defendant VitalCore Health Strategies, LLC is the medical provider for the Virginia Department of Corrections, including both Greensville and Coffeewood Correctional Centers. The case was also brought against Kevin Punturi, Warden at Greensville Correctional Center, who was previously dismissed from this suit. (*See* Dkt. 49.) The motion for judgment on the pleadings presently before the court is brought by the Greensville Defendants only.

### A. Factual History

#### 1. Medical History Prior to Transfer to Greensville Correctional Center

The medical issues underlying Burke's complaint arose during his incarceration at Bland Correctional Center in 2022. There, Burke had emergency trauma surgery to remove a ruptured spleen and repair a lacerated liver, which "resulted in a large incision from [his] sternum down to his belly button." (Compl. ¶ 17 (Dkt. 1).) During the surgery, Burke's doctors noticed he had a hernia. (*Id.* ¶ 18.) During a follow-up appointment on August 10, 2022, the trauma surgeon examined the hernia and informed Burke that he "need[ed] to get that fixed." (*Id.*) The surgeon directed Burke to seek follow-up with the general surgeon within 60 days. (*Id.*)

In September 2022, Burke was transferred to Coffeewood Correctional Center. (*Id.* ¶ 17.) There he submitted a request to Mann, a physician at Coffeewood, to meet with a general surgeon for a follow-up appointment. (*See id.* ¶¶ 18–20.) Mann denied this request. (*Id.* ¶¶ 19–20.) A week later, on September 15, 2022, Burke filed emergency grievances "because he was suffering from severe abdominal pain, bloating, and chest pain." (*Id.* ¶ 21.)

Days later, Burke submitted another "sick call request" for the same reasons. (*Id.* ¶ 23.) Burke's emergency grievances and sick call request were ignored. (*Id.* ¶¶ 22, 24.) On October 19, 2022, Burke was finally seen by Mann, who referred him to Dr. Mark B. Gloudeman, a general surgeon at the University of Virginia Health Hospital in Culpeper, Virginia. (*Id.* ¶¶ 25–26.)

During Burke's November 1, 2022, appointment, Dr. Gloudeman told Burke that he "suspected that some gauze or object was left inside of [Burke's] body when he had his trauma surgery" and that he needed a computerized tomography ("CT") scan immediately. (*Id.* ¶¶ 29–30.) It was not until November 22, however, that Burke had his CT scan. (*Id.* ¶ 33.) A week later, he received a notice from Coffeewood stating that the CT scan results were negative and that no follow up was necessary. (*Id.* ¶ 35.)

In early December, Burke discovered that his CT scans were not negative. (*Id.* ¶ 36.) Rather, they showed "3 lesions on [Burke's] liver, pancreatic fluid collection, and postoperative fluid where his spleen was removed, defects in his spine, and a fat containing periumbilical hernia which likely also contain[ed] omentum." (*Id.*) On December 28, 2022, Burke began suffering from rectal bleeding due to a change in medication. (*Id.* ¶ 53.) He also began experiencing intense foot pain that same month. (*Id.* ¶ 63.)

In early January, Dr. Gloudeman ordered a magnetic resonance cholangiopancreatography ("MRCP") to evaluate Burke's liver, gallbladder, bile ducts, pancreas, and pancreatic duct. (*Id.* ¶ 46.) Dr. Gloudeman also ordered hernia surgery, bone scans for Burke's complaints of chest pain, pain medication, and another follow up appointment. (*Id.* ¶ 47.) On February 22, 2023, Dr. Gloudeman informed Burke that the

bone scan showed trauma but no fracture and that the MCRP showed cysts. (*Id.* ¶¶ 49–50.) Burke also reported a new rash and hernia. (*Id.* ¶ 51.) In response to these findings, Dr. Gloudeman ordered a referral for pain management; referral to dermatology; endoscopy and/or colonoscopy to screen for cancer due to Burke's abdominal symptoms; cardiologist referral; follow up for laparoscopic hernia repair; ten-pound weightlifting restriction; and increase in blood pressure medication. (*Id.* ¶ 52.) Burke was not informed of the weightlifting restriction, which resulted in a third hernia. (*Id.*) Later, Burke met with Taslimi in the Coffeewood medical unit to discuss the MCRP; there, Taslimi informed Burke that his severe chest pain was being caused by a separation between his rib and cartilage. (*Id.* ¶ 54.) An endoscopy and/or colonoscopy was scheduled and cancelled. (*See id.* ¶¶ 55–59.)

On March 3, 2023, Burke was also diagnosed with bilateral plantar fasciitis in both feet with bone grinding present by physicians at UVA Health. (*Id.* ¶¶ 67–68.) Burke was directed to wear custom orthotics, which he has not yet received. (*Id.* ¶ 70–71.)

### 2. Medical History at Greensville Correctional Center

When Burke was transferred to Greensville on June 15, 2023, he had still not undergone an endoscopy and/or colonoscopy as ordered by Dr. Gloudeman. (*Id.* ¶ 60–61.) In July 2023, Burke began having severe pain in his left lower back and hip area. (*Id.* ¶ 81.) "Upon physical examination, [Burke] found two to three small cysts and/or tumors approximately the size of a dime in diameter, and another approximately the size of a quarter in diameter."[1] (*Id.* ¶ 82.) He "immediately" reported this issue "countless times." (*Id.* ¶ 83.)

---

[1] It is unclear whether this was a self or medical examination.

At Greensville, Burke was incarcerated in the S3 Cluster under the care of Defendant Blankenship, a nurse practitioner for the S3 Cluster, from June 16, 2023, through August 23, 2023. (*Id.* ¶ 7; Blankenship Answer ¶ 7 (Dkt. 27).) Burke has been incarcerated in the S1 Cluster and under the care of Defendant Luong, the S1 Cluster physician, from August 23, 2023, to the present date. (Compl. ¶ 8; Luong Answer ¶ 8 (Dkt. 29).) Defendant Vincent Gore is the Head Physician at Greensville.[2] (Compl. ¶ 6; Gore Answer ¶ 6 (Dkt. 28).)

As of the date of his complaint, Burke alleges that no one at Greensville has scheduled him for an endoscopy and/or colonoscopy or has taken any action to address any of his other medical problems, with the exception of a cardiologist visit in July 2023. (Compl. ¶ 61.) Burke has also been denied ice treatment for his rectal bleeding since his arrival at Greensville. (*Id.* ¶ 53.) Burke alleges that he has notified "everyone" at Greensville of his medical issues and his need for surgical intervention, but nothing has been done. (*Id.* ¶ 62.) Burke continues to make the Greensville Defendants aware of his medical issues, including his foot problems. (*Id.* ¶ 79.)

**B. Procedural History**

On October 22, 2023, Burke filed suit against seven parties: Kevin Punturi, Warden at Greensville; VitalCore Health Strategies, LLC, medical provider for the Virginia Department of Corrections, including both Coffeewood and Greensville Correctional Centers; Rajvinder Mann, physician at Coffeewood; Jalal Taslimi, physician at Coffeewood; Vincent Gore, Head

---

[2] The court notes that in his answer, Gore admits to being the Medical Director, rather than Head Physician. (Gore Answer ¶ 6.) Regardless of his title, this suit is brought against Gore in his capacity as a supervisory physician at Greensville.

Physician at Greensville; Dao Luong, S1 Cluster physician at Greensville; and N. Blankenship, S3 Cluster nurse practitioner at Greensville.

Burke's complaint alleged four claims against all defendants and one claim against all but Punturi. Count I is a 42 U.S.C. § 1983 claim alleging violation of the Eighth Amendment. Count II alleges Virginia common-law[3] negligence, Count III alleges gross negligence, and Count IV alleges willful and wanton negligence. Count V alleges medical malpractice against Defendants VitalCore, Mann, Taslimi, and the Greensville Defendants.

On January 30, 2024, the Greensville Defendants each filed an answer to the complaint, (*see* Dkts. 27, 28, 29), as did Taslimi, (*see* Dkt. 30). Mann filed an answer two and a half months later. (*See* Dkt. 37.) Punturi and VitalCore filed separate motions to dismiss. (*See* Dkts. 18, 31.) On August 7, 2024, U.S. District Judge Robert S. Ballou granted Punturi's motion to dismiss in full and granted in part and denied in part VitalCore's motion to dismiss, allowing only the state-law claims to continue. (Dkts. 49, 50.) VitalCore remains a party to this action.

On January 14, 2025, the Greensville Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* Dkt. 59.) On February 5, 2025, Burke filed an opposition to the motion. (*See* Dkt. 62.) On February 12, 2025, the Greensville Defendants filed a reply brief in support of their motion for judgment on the pleadings. (*See* Dkt. 63.)

---

[3] Burke fails to cite any statute or case law that provides him a cause of action in Counts II through V of his complaint. (Compl. ¶¶ 92–105.) Absent any indication to the contrary, the court assumes Burke intends to raise Virginia common-law claims for negligence, gross negligence, willful and wanton negligence, and medical malpractice.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A court properly grants a motion for judgment on the pleadings "if 'it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim entitling [her] to relief.'"  *Pulte Home Corp. v. Montgomery Cnty., Md.*, 909 F.3d 685, 691 (4th Cir. 2018) (citation omitted).  In making this determination, the court employs the same standard of review that applies under Rule 12(b)(6).  *Mejico v. Alba Web Designs, LLC*, 515 F. Supp. 3d 424, 429 (W.D. Va. 2021) (quoting *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014)).

## III.    Analysis

For the purposes of Rule 12(c), the pleadings are not considered closed until all defendants have filed answers to a plaintiff's complaint.  *See Scottsdale Ins. Co. v. Doe*, No. 7:13-cv-00342, 2014 WL 3778510, at *3 (W.D. Va. July 30, 2014) (finding the pleadings not yet closed because one of five defendants had not filed an answer to plaintiff's complaint and no party had requested default judgment be entered against him); *see also Haughie v. Wexford Health Sources, Inc.*, Civ. No. 18-3963, 2020 WL 1158568, at *4 (D. Md. Mar. 9, 2020) ("Numerous cases indicate that a Rule 12(c) motion is premature if filed before all defendants have answered the suit.").  A motion to dismiss does not constitute an answer that will close the pleadings.  *See Sharp v. U.S. Marshals Serv.*, No. 5:20-CT-03282, 2022 WL 3573860, at *4, *9 (E.D.N.C. July 15, 2022) (denying motion for judgment on the pleadings as premature where defendant filed only motion to dismiss and not an answer); *see also Umphreyville v. Gittins*, No. 5:07-cv-00096, 2009 WL 86484, at *3 (W.D. Va. Jan. 6, 2009) (explaining that it would be

"inappropriate" to construe motion for judgment as one brought pursuant to Rule 12(c) because defendant filed only motion to dismiss). Rather, "the pleadings are not considered closed until the parties have filed a complaint, an answer, and in some cases, a reply." *Mizell v. Sara Lee Corp.*, No. 2:05CV129, 2005 WL 1668056, at *2 (E.D. Va.), *aff'd*, 158 F. App'x 424 (4th Cir. 2005); *see* Fed. R. Civ. P. 7(a). Therefore, if a motion for judgment on the pleadings is filed before the pleadings are closed, the court will view it as premature and may deny the motion. *See Sharp,* 2022 WL 3573860, at *4, *9; *Guthrie v. Nw. Mut. Life Ins. Co.*, No. 09-2342, 2010 WL 3260001, at *4–5 (D. Md. Aug. 18, 2010).

Applying this standard, the court finds the Greensville Defendants' motion for judgment on the pleadings premature. They filed the motion on January 14, 2025. (*See* Dkt. 58.) VitalCore has not filed an answer to this date. Its motion to dismiss (Dkt. 31) was denied with respect to Burke's negligence and medical malpractice claims. (*See* Dkt. 49.) Because some claims remain, VitalCore's motion to dismiss is insufficient to close the pleadings.

Because the pleadings are not closed, Rule 12(c) does not provide an avenue for the court to reach the merits of the Greensville Defendants' motion for judgment on the pleadings. They have not argued, and the court does not find, any reason why it should exercise its discretion to consider the motion despite this default. *See, e.g.*, *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 894 (N.D. Cal. 1993) (treating the pleadings as closed where one defendant had not yet been served); *Noel v. Hall*, No. CV99-649-AS, 2005 WL 2007876, at *2 (D. Or. Aug. 16, 2005) (granting judgment on the pleadings where defendants had not answered the complaint for five years and resolution would not prejudice any party).

Accordingly, the court will deny the Greensville Defendants' motion for judgment on the pleadings at this time.

### IV.    Conclusion

For the foregoing reasons, the Greensville Defendants' motion for judgment on the pleadings (Dkt. 58) will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 16th day of April, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE